**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, SONY MUSIC ENTERTAINMENT, ALAMO RECORDS, LLC, ARISTA MUSIC, ARISTA RECORDS, LLC, LAFACE RECORDS, LLC, RECORDS LABEL, LLC, SONY MUSIC ENTERTAINMENT US LATIN, LLC, ULTRA RECORDS, LLC, VOLCANO ENTERTAINMENT III, LLC, and ZOMBA RECORDING LLC,

Plaintiffs,

v.

SUNO, INC., and JOHN DOES 1-10,

Defendants.

Case No.: 1:25-cv-11739-FDS

**PLAINTIFFS' L.R. 40.1(g)(6)(B) CERTIFICATION OF RELATEDNESS**

Pursuant to Local Rule 40.1(g)(6), Plaintiffs certify that this action is related to *UMG Recordings, Inc. v. Suno, Inc.*, No. 1:24-cv-11611-FDS (the "Original Action"), which is pending before the Honorable F. Dennis Saylor IV, with discovery matters assigned to the Honorable Paul G. Levenson. The Original Action is in the final stage of fact discovery, which is currently set to close on September 30, 2026. Plaintiffs have designated the present action as related to the Original Action on the Civil Category Sheet filed herewith.

Local Rule 40.1(g)(1) provides:

> For purposes of this rule, a civil case shall be deemed related to another civil case only if: (A) some or all of the parties are the same; and (B) one or more of the following similarities exist: (i) the cases involve the same or substantially similar issues of fact; (ii) the cases arise out of the same occurrence, transaction or property; the cases involve insurance coverage for the same property, transaction or occurrence.

The two actions satisfy the requirements of Local Rule 40.(g)(1). Every Plaintiff in the

Original Action that has not since resolved its claims is a Plaintiff here, and each additional Plaintiff is an affiliate of a Plaintiff in the Original Action. Suno, Inc., the defendant in the Original Action, is a defendant here. Both actions also arise from the same course of conduct, thereby satisfying both L.R. 40.1(g)(1)(B)(i) and (ii). The central factual issue in both actions is Suno's unauthorized copying of Plaintiffs' copyrighted sound recordings, without a license, to build the training corpus for the generative AI models that power Suno's commercial music-generation service. The additional sound recordings asserted here were copied as part of the same process to train the same models and were identified through Plaintiffs' forensic analysis of materials Suno produced in discovery in the Original Action. Both actions further allege that Suno acquired Plaintiffs' recordings by "stream ripping" them from YouTube in circumvention of that platform's technological protection measures, in violation of 17 U.S.C. § 1201(a). In addition to the extensive factual overlap, both actions assert claims for direct infringement of protected works under 17 U.S.C. §§ 501 and 1401, based on the same acts of reproduction and unauthorized access. Whether Suno copied Plaintiffs' recordings, how it did so, and what it did with the copies, and whether that copying is excused as fair use are the same central questions in both cases.

This action follows directly from the Court's August 18, 2026 decision in the Original Action. (Dkt. 272.) On May 21, 2026, Plaintiffs moved for leave to amend the complaint in the Original Action to assert the additional works at issue here. (Dkt. 231, 232.) On August 18, 2026, the Court denied that motion without prejudice and expressly contemplated that Plaintiffs would "file a separate lawsuit" that "will likely be designated as related to this action and assigned to this session" under Local Rule 40.1(g). (*Id.* at 3.) Assignment to the same session will allow the Court to draw on its familiarity with the parties and issues and will avoid the risk of inconsistent rulings on identical claims and defenses.

Dated: September 18, 2026

Moez M. Kaba*
Mariah N. Rivera*
Alexander R. Perry*
**HUESTON HENNIGAN LLP**
1 Little West 12th Street
New York, New York 10014
Telephone: (646) 930-4046
Facsimile: (888) 775-0898
mkaba@hueston.com
mrivera@hueston.com
aperry@hueston.com

Christina V. Rayburn*
**HUESTON HENNIGAN LLP**
620 Newport Center Dr., Suite 1300
Newport Beach, California 92660
Telephone: (949) 356-6412
Facsimile: (888) 775-0898
crayburn@hueston.com

Rajan S. Trehan*
**HUESTON HENNIGAN LLP**
523 West 6th Street, Suite 400
Los Angeles, California 90014
Telephone: (213) 788-4340
Facsimile: (888) 775-0898
rtrehan@hueston.com

By: *Alexandra Arnold*
Alexandra Arnold (BBO #706208)
Daniel J. Cloherty (BBO #565772)
**CLOHERTY & STEINBERG LLP**
One Financial Center, Suite 1120
Boston, Massachusetts 02110
Telephone: (617) 481-0160
Facsimile: (617) 848-0830
dcloherty@clohertysteinberg.com
aarnold@clohertysteinberg.com

**Pro hac vice forthcoming*

*Counsel for Plaintiffs UMG Recordings, Inc., Capitol Records, LLC, Sony Music Entertainment, Alamo Records, LLC, Arista Music, Arista Records, LLC, LaFace Records, LLC, Records Label, LLC, Sony Music Entertainment US Latin, LLC, Ultra Records, LLC, Volcano Entertainment III, LLC, and Zomba Recording LLC*