**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, SONY MUSIC ENTERTAINMENT, ALAMO RECORDS, LLC, ARISTA MUSIC, ARISTA RECORDS, LLC, LAFACE RECORDS, LLC, RECORDS LABEL, LLC, SONY MUSIC ENTERTAINMENT US LATIN, LLC, ULTRA RECORDS, LLC, VOLCANO ENTERTAINMENT III, LLC, and ZOMBA RECORDING LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SUNO, INC. and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No. 1:26-cv-14275-FDS |

**ANSWER OF DEFENDANT SUNO, INC. TO COMPLAINT**

Defendant Suno, Inc. ("Suno"), by and through its undersigned counsel, hereby answers the complaint filed on September 18, 2026 (the "Complaint") by Plaintiffs UMG Recordings, Inc., Capitol Records, LLC, Sony Music Entertainment, Alamo Records, LLC, Arista Music, Arista Records, LLC, LaFace Records, LLC, Records Label, LLC, Volcano Entertainment III, LLC, and Zomba Recording LLC (collectively, "Plaintiffs").

**RESPONSES TO SPECIFIC ALLEGATIONS**

**NATURE OF THE ACTION**[1]

1. Suno admits that on June 24, 2024, UMG Recordings, Inc., Sony Music Entertainment, and Warner Music International Services Limited, among other plaintiffs (collectively, "Original Plaintiffs"), filed a complaint against Suno alleging copyright infringement. *See UMG Recordings, Inc. v. Suno, Inc.*, No. 1:24-cv-11611 (FDS) (D. Mass.). Suno admits that it has not publicly disclosed the contents of its training data, which Suno regards as highly confidential information. Suno admits that its model was constructed by showing the program a vast amount of different kinds of sound recordings in order to derive statistical insights about those recordings. Suno denies the remaining allegations of this paragraph.

2. Suno admits that its generative AI service allows users to generate, among other things, digital music files in response to basic inputs. Suno admits that its model was constructed by showing the program a vast amount of different kinds of sound recordings in order to derive statistical insights about those recordings. Suno further admits that it obtained audio data from YouTube for use as training data. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, including with respect to Plaintiffs' copyright ownership, and on that basis denies them. Suno denies the remaining allegations of this paragraph.

3. Suno denies that supplanting human creativity is Suno's stated ambition. Suno further denies that it conceived its service to substitute existing works with machine-generated substitutes. Suno admits that the quoted language appears in the 20VC Podcast with Harry Stebbings, *Mikey Shulman, CEO @Suno: The Future of Music, What is Gonna Happen?* (Jan. 10,

[1] The various headings and subheadings of the Complaint are not allegations and thus do not require a response. Suno reproduces them in this Answer solely for convenience. To the extent a response is required, Suno denies any allegations contained in the headings and subheadings of the Complaint.

2025). To the extent the allegations in this paragraph purport to reference portions of a publicly available podcast, the full podcast speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the podcast, Suno denies those allegations. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno denies the allegations on that basis. Suno denies the remaining allegations of this paragraph.

4. Suno admits that the article, Jesper Wendel, *Deezer: AI Music Has Surpassed 50% of New Music Uploads for the First Time*, Deezer (July 21, 2026), refers to the percentage of AI-generated tracks purportedly uploaded to Deezer. To the extent the allegations in this paragraph purport to reference portions of a publicly available article, the full article speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the full text of the article, Suno denies those allegations. Suno further admits that the article, Kristin Robinson, *Suno Creates an Entire Spotify Catalog's Worth of Music Every Two Weeks, Says Investor Pitch Deck for $250M Fundraise*, Billboard (Nov. 24, 2025), refers to an estimation of Suno outputs, as discussed in Suno investor presentation materials. To the extent the allegations in this paragraph purport to reference portions of a publicly available article, the full article speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the full text of the article, Suno denies those allegations. Suno denies the remaining allegations of this paragraph.

5. Suno admits that on June 24, 2024, Original Plaintiffs filed a complaint against Suno alleging copyright infringement. *See UMG Recordings, Inc. v. Suno, Inc.*, No. 1:24-cv-11611 (FDS) (D. Mass.). Suno admits that its model was constructed by showing the program a vast amount of different kinds of sound recordings in order to derive statistical insights about those

recordings. Suno admits the quoted language appears in Suno's original Answer in the Original Action, the full text of which speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the original Answer, Suno denies those allegations. Suno admits that it has not publicly disclosed the contents of its training data, which Suno regards as highly confidential information. Suno admits that Original Plaintiffs conducted an analysis of Suno's training data, which purported to identify millions of copyrighted works Plaintiffs claim to own in Suno's training dataset. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, including with respect to Plaintiffs' copyright ownership, and on that basis denies them. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno denies the allegations on that basis. Suno denies the remaining allegations of this paragraph.

6. Suno admits that on May 21, 2026, Original Plaintiffs filed a motion for leave to amend the complaint in the Original Action. Suno admits that on June 4, 2026, Suno opposed Original Plaintiffs' motion. Suno admits that on August 18, 2026, the Court denied Original Plaintiffs' motion for leave to amend without prejudice. Suno admits the quoted language appears in the Court's August 18, 2026 order, the full text of which speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the full text, Suno denies those allegations. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, including with respect to Plaintiffs' copyright ownership, and on that basis denies them. Suno denies the remaining allegations of this paragraph.

7. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, including with respect to Plaintiffs' copyright ownership or the creation of Plaintiffs' recordings, and on that basis denies them. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the allegations on that basis. Suno denies the remaining allegations of this paragraph.

8. Suno admits that the selectively quoted language appears in Kristin Robinson, *AI Firms Udio and Suno React to Major Labels' Lawsuit: 'We Stand Behind Our Technology'*, Billboard (June 25, 2024). To the extent the allegations in this paragraph purport to reference portions of a publicly available article, the full article speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the full text of the article, Suno denies those allegations. Suno also admits that users can enter prompts into Suno's service with a description of the music they want to generate, which can include specifying the artist (which is converted into a related style), genre, lyrics, story direction, and themes to serve as inspiration. Suno further admits that it previously prevented users from submitting prompts containing artist names, and that as of January 2026, users may include artist names in their prompts, though Suno denies that those prompts are used to generate outputs without first converting the artist name to a style description. As Suno has publicly explained, "when a prompt references a specific artist, [Suno] remove[s] the artist's name and redirect[s] the request toward descriptive musical characteristics," and Suno "made an intentional choice not to teach models artist names because [its] goal is to help people create brand new songs, not music that sounds like existing artists." Suno denies that it "switched off" its model design to "generate completely new outputs." To the extent the allegations in this paragraph contain legal conclusions, no response is

required. To the extent a response is required, Suno denies the allegations on that basis. Suno denies the remaining allegations of this paragraph.

9. Suno admits that its Series D funding round in 2026 raised over $400 million at a $5.4 billion post-money valuation. Suno further admits that it raised funds at a $2.45 billion valuation in the fall of 2025. Suno further admits that the article, Kristin Robinson, *Is Suno the Music Industry's Biggest Nightmare – Or Greatest Hope?*, Billboard (Mar. 11, 2026), refers to a projection that Suno will reach $1 billion in revenue by 2028. To the extent the allegations in this paragraph purport to reference portions of a publicly available article, the full article speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the full text of the article, Suno denies those allegations. Suno admits that it offers a subscription plan, "Premier," available for $24 per month. Suno further admits that the quoted language appears in Brian Hiatt, *A ChatGPT for Music is Here. Inside Suno, the Startup Changing Everything*, Rolling Stone (Mar. 17, 2024). To the extent the allegations in this paragraph purport to reference portions of a publicly available article, the full article speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the full text of the article, Suno denies those allegations. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno denies the allegations. Suno lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and on that basis denies them.

10. Suno admits that it has entered partnerships with Warner Music Group, BMG, and Believe related to a variety of products, including but not limited to Suno's development of models using sound recordings licensed from Warner Music Group, BMG, and Believe. Suno admits the

quoted language appears in Press Release, Warner Music Group, *Warner Music Group and Suno Forge Groundbreaking Partnership* (Nov. 25, 2025). To the extent the allegations in this paragraph purport to reference portions of a publicly available article, the full article speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the full text of the article, Suno denies those allegations. Suno admits the quoted language appears in Kristin Robinson, *Is Suno the Music Industry's Biggest Nightmare – Or Greatest Hope?*, Billboard (Mar. 11, 2026). To the extent the allegations in this paragraph purport to reference portions of a publicly available article, the full article speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the full text of the article, Suno denies those allegations. Suno further admits the quoted language appears in Suno Blog, *Announcing a Landmark Global Partnership with BMG*, Suno (Aug. 12, 2026). To the extent the allegations in this paragraph purport to reference portions of a publicly available article, the full article speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the full text of the article, Suno denies those allegations. Suno further admits the quoted language appears in Press Release, BMG, *BMG and Suno Announce Global Strategic Alliance Advancing AI Music Opportunities And Revenue Streams* (Aug. 12, 2026). To the extent the allegations in this paragraph purport to reference portions of a publicly available article, the full article speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the full text of the article, Suno denies those allegations. Suno further admits the quoted language appears in Press Release, *Believe and Suno Announce Strategic Partnership to Advance Licensed AI Music Opportunities for Independent Artists and Labels*, Believe (Sept. 8, 2026). To the extent the allegations in this paragraph purport to reference portions of a publicly available article, the full

article speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the full text of the article, Suno denies those allegations. The remaining allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the allegations of this paragraph. Suno denies the remaining allegations of this paragraph.

11. Suno admits that it has stated publicly that its v6 model "was trained on content licensed from our partners, interactions including creations and preference signals from our community, and the accumulated learnings from our team." To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, including with respect to Plaintiffs' copyright ownership, and on that basis denies them. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno denies the allegations of this paragraph.

12. The allegations in this paragraph contain legal conclusions to which no response is required. Suno denies the remaining allegations of this paragraph.

13. The allegations in this paragraph contain legal conclusions to which no response is required.

## THE PARTIES

14. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

15. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

16. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and Exhibit A, and on that basis denies them.

17. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

18. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

19. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

20. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

21. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

22. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

23. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

24. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

25. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

26. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and Exhibit A, and on that basis denies them.

27. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and Exhibit A, and on that basis denies them.

28. Suno admits that Suno, Inc. is a Delaware corporation with its current principal place of business at 17 Dunster Street, Cambridge, Massachusetts 02138.

29. The allegations of this paragraph are directed at unknown parties, and Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph about those parties, and on that basis denies them. The remaining allegations against Suno are legal conclusions to which no response is required.

## JURISDICTION AND VENUE

30. For purposes of this action, Suno does not contest subject matter jurisdiction, except with respect to Suno's Twelfth Affirmative Defense (Lack of Article III Standing) and Thirteenth Affirmative Defense (Lack of Statutory Standing). This paragraph otherwise contains legal conclusions to which no response is required.

31. For purposes of this action, Suno does not contest personal jurisdiction. This paragraph otherwise contains legal conclusions to which no response is required.

32. For purposes of this action, Suno does not contest venue. This paragraph otherwise contains legal conclusions to which no response is required.

## FACTUAL BACKGROUND

33. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

34. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

35. Suno admits that a beta version of its music generation service was launched in July 2023. Suno further admits that the quoted language appeared on Suno's website on the "About" page, at the time the Original Action was filed on June 24, 2024.

36. Suno denies that it built its service to circumvent the creative process. To the extent the allegations in this paragraph purport to reference portions of the 20VC Podcast with Harry Stebbings, *Mikey Shulman, CEO @Suno: The Future of Music, What is Gonna Happen?* (Jan. 10, 2025), the full podcast speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the podcast, Suno denies those allegations. Suno denies the remaining allegations of this paragraph.

37. Suno admits that it initially engaged users to generate AI music files through its channel on the social media website Discord and later rolled out a web interface to expand the reach of its music generation product. Suno further admits that in December 2023, it announced a partnership with Microsoft through which Suno's service would be integrated into Microsoft's AI chatbot Copilot.

38. Suno admits that its product allows users to enter text prompts to generate digital music files. Suno further admits that users can enter prompts using Suno's website interface or Microsoft's Copilot. Suno also admits that users can enter prompts into Suno's service with a description of the music they want to generate, which can include specifying the genre, lyrics, story direction, and themes to serve as inspiration. Suno admits that its service processes the user's

prompt and generates digital music files within seconds. Suno further admits that its website generates two files per prompt and Copilot's Suno plug-in generates one. Suno also admits that its service's customization options allow users to adjust elements of the files, including tempo, mood, and genre.

39. Suno admits that it offers both free and paid versions of its product. Suno admits that under the free plan, users are given 50 credits per day, equivalent to 10 music files. Suno admits that under its Terms of Service, free users can "only use Outputs generated from Submissions made... through the Service" for "lawful, internal, personal and non-commercial purposes." Suno admits that users can subscribe to the Pro and Premier plans for monthly fees of $8 and $24, respectively. Suno admits that the Pro plan gives users 2,500 credits per month. Suno admits that 2,500 credits allow users to create 500 music files. Suno admits that the Premier plan gives users 10,000 credits per month. Suno admits that 10,000 credits allow users to create 2,000 music files. Suno admits that, per its Terms of Service, Suno assigns to users "all of its right, title and interest in and to any Output owned by Suno and generated from Submissions made by users through the Service during the term of [their] paid-tier subscription." To the extent the allegations in this paragraph contain legal conclusions, no response is required. Suno denies any remaining allegations of this paragraph.

40. Suno admits that on March 21, 2024, Suno launched a new version of its service, named "v3." Suno further admits that the quoted language appears in Suno Blog, *Introducing v3* (Mar. 21, 2024), the full text of which speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations. Suno also admits that v3 enables all users, free or paid, to generate digital music files up to two minutes in length virtually instantaneously.

41. Suno admits that on May 30, 2024, Suno launched another version of its service, named "v3.5." Suno further admits that it described v3.5 as an updated version of v3. Suno admits that v3.5 enables all users, free or paid, to generate digital music files up to four minutes in length virtually instantaneously. Suno further admits that the quoted language appears in a March 21, 2024 post from the @suno_ai_ X account, available at https://x.com/suno_ai_/status/1770857568274911449, the full text of which speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations.

42. Suno admits that it released a new version of its service, named "v4," on November 19, 2024. Suno admits that the quoted language appears in Suno Blog, *Introducing v4* (Nov. 19, 2024), the full text of which speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations. Suno also admits that it released a feature called "Covers" that allows users to create a cover of audio files uploaded by users or generated on Suno's platform, subject to guardrails designed to prevent users from uploading audio files to which they do not own the rights.

43. Suno admits that it released a new model version, named "v4.5," to its Pro and Premier users on May 1, 2025. Suno admits that the quoted language appears in Suno Blog, *Introducing v4.5* (May 1, 2025), the full text of which speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations. Suno denies any remaining allegations of this paragraph.

44. Suno admits that it released a new model version, named "v4.5+," in July 2025. Suno admits that the quoted language appears in Murray Stassen, *Suno is Getting More Advanced, as AI Music Generator Launches v4.5+ Update with 'Previously Unimaginable' Production Capabilities*, Music Business Worldwide (July 18, 2025). To the extent the allegations in this paragraph purport to reference portions of a publicly available article, the full article speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations. Suno denies any remaining allegations of this paragraph.

45. Suno admits that it released a new model version, named "v5," on September 23, 2025. Suno admits that, with the exception of "studio-grade," the quoted language appears in Daniel Tencer, *Suno Releases 'Most Powerful' Model Yet, Days After Record Labels Allege Illegal 'Stream Ripping' From YouTube*, Music Business Worldwide (Sept. 24, 2025). To the extent the allegations in this paragraph purport to reference portions of a publicly available article, the full article speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations. Suno admits that it released a feature called "Suno Studio" that, subject to Suno's guardrails, allows Premier users to create unlimited stem variations, edit in a multitrack timeline, and export audio. Suno admits that the quoted language appears in Suno Blog, *Introducing Suno Studio* (Sept. 25, 2025), the full text of which speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations. Suno further admits that it released a feature called "Sample" that, subject to Suno's guardrails, allows users to generate new creations based on a section of sound selected by the user. Suno admits it released a new model version, named "v4.5-all," on October 21, 2025. Suno admits

that the quoted language appears in Suno, *v4.5-all: A new free model for everyone* (Oct. 21, 2025), the full text of which speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations. Suno denies any remaining allegations of this paragraph.

46. Suno admits that it released a new model version, named "v5.5," on March 26, 2026. Suno denies that the language "a personalized version of the model that knows your sound" appears in Suno Blog, *Suno v5.5: More Expressive. More You.* (Mar. 26, 2026). Suno otherwise admits that the quoted language appears in Suno Blog, *Suno v5.5: More Expressive. More You.* (Mar. 26, 2026), the full text of which speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations. Suno further admits that it released a feature called "Voices" that, subject to Suno's guardrails, allows users to live-capture or upload their own audio to generate new songs. Suno admits that it released a feature called "My Taste" that provides users with a personalized taste profile based on their favorite genres and go-to moods over time. Suno further admits that it released a feature called "Custom Models" that, subject to Suno's guardrails, allows users to upload audio to build a personalized version of the model in tune with the user's style. Suno denies the remaining allegations of this paragraph.

47. Suno admits that it released three new model versions, named "v6," "v6-wild," and "v6-mini," on September 9, 2026. Suno admits that it has stated publicly that its v6 model "was trained on content licensed from our partners, interactions including creations and preference signals from our community, and the accumulated learnings from our team." Suno admits that Suno uses information about user responses to its service to improve its service. Suno admits that the quoted language appears in Kristin Robinson, *Suno Launches First AI Music Models "In*

*Partnership With the Music Industry,"* Billboard Pro (Sept. 9, 2026). To the extent the allegations in this paragraph purport to reference portions of a publicly available article, the full article speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations. To the extent the allegations in this paragraph contain legal conclusions, no response is required. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, including with respect to Plaintiffs' copyright ownership, and on that basis denies them. Suno denies the remaining allegations of this paragraph.

48. Suno admits that it has stated publicly that its v6 model "was trained on content licensed from our partners, interactions including creations and preference signals from our community, and the accumulated learnings from our team." To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them. Suno denies any remaining allegations of this paragraph.

49. Suno admits that it has not claimed to have destroyed or deleted copyrighted works. Suno admits that it has not deleted all of the sound recordings it has used to train its AI models, consistent with Plaintiffs' demand in correspondence prior to the Original Action that Suno retain "data sets used to train" Suno's AI models. Suno further states that its v6 model "was trained on content licensed from our partners, interactions including creations and preference signals from our community, and the accumulated learnings from our team." To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in this paragraph, and on that basis denies them. Suno denies any remaining allegations of this paragraph.

50. Suno admits that it has stated publicly that its v6 model "was trained on content licensed from our partners, interactions including creations and preference signals from our community, and the accumulated learnings from our team." Suno denies that each of its models was trained on the same corpus of sound recordings. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them. Suno denies any remaining allegations of this paragraph.

51. Suno admits that its model is based on a machine learning model. Suno further admits that its model produces audio. Suno also admits that its model is a type of computer program known as a "neural network," which was constructed by showing the program tens of millions of instances of different kinds of recordings gathered from publicly available sources. By analyzing their constitutive elements, the model derived a complex collection of statistical insights about the auditory characteristics of those recordings. Suno admits that its training process includes additional further technical refinements. Suno lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them.

52. Suno admits that its models were constructed by showing the program millions of different kinds of sound recordings in order to derive statistical insights about those recordings. Suno further admits that it obtained audio data from YouTube for use as training data. Suno further admits that the quoted language appears in Suno's first Answer in the Original Action. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent

with the quoted language, Suno denies those allegations. Suno admits that the quoted language appears in Brian Hiatt, *A ChatGPT for Music is Here. Inside Suno, the Startup Changing Everything*, Rolling Stone (Mar. 17, 2024). To the extent the allegations in this paragraph purport to reference portions of a publicly available article, the full article speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno denies the allegations. Suno lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them.

53. Suno admits that its model is a type of computer program known as a "neural network," which was constructed by showing the program tens of millions of instances of different kinds of recordings gathered from publicly available sources. By analyzing their constitutive elements, the model derived a complex collection of statistical insights about the auditory characteristics of those recordings. Suno admits that its training process includes additional further technical refinements. Suno admits that it has not deleted all of the sound recordings it has used to train its AI models, consistent with Plaintiffs' demand in correspondence prior to the Original Action that Suno retain "data sets used to train" Suno's AI models. To the extent that the allegations in this paragraph contain legal conclusions, no response is required. Suno presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding YouTube's intent in designing any particular technology. Suno denies the remaining allegations of this paragraph.

54. Suno admits its model generates new music in existing musical styles using a complex collection of statistical insights regarding those styles that it has derived from tens of

millions of sound recordings. Suno also admits that users can enter prompts into Suno's service with a description of the music they want to generate, which can include specifying the artist (which is converted into a related style), genre, lyrics, story direction, and themes to serve as inspiration. Suno further admits that it previously prevented users from submitting prompts containing artist names, and that as of January 2026, users may include artist names in their prompts, though Suno denies that those prompts are used to generate outputs without first converting the artist name to a style description. As Suno has publicly explained, "when a prompt references a specific artist, [Suno] remove[s] the artist's name and redirect[s] the request toward descriptive musical characteristics," and Suno "made an intentional choice not to teach models artist names because [its] goal is to help people create brand new songs, not music that sounds like existing artists." Suno denies that its model is designed to generate outputs that replicate, reproduce, or sound like existing sound recordings. Suno further denies that any alleged features of the model output "betray that the models were trained on" Plaintiffs' Copyrighted Recordings. Suno denies the remaining allegations of this paragraph.

55. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno denies the allegations. Suno denies the additional allegations of this paragraph.

56. Suno admits that constructing its generative AI service required showing the program tens of millions of instances of different kinds of recordings in order to derive statistical insights about them. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno denies the allegations. Suno lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them.

57. Suno admits that the quoted language appears in Brian Hiatt, *A ChatGPT for Music is Here. Inside Suno, the Startup Changing Everything*, Rolling Stone (Mar. 17, 2024). To the extent the allegations in this paragraph purport to reference portions of a publicly available article, the full article speaks for itself. To the extent the allegations in this paragraph purport to reference portions of a publicly available article, the full article speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations. Suno denies any remaining allegations of this paragraph.

58. The allegations in this paragraph contain legal conclusions to which no response is required. Suno also lacks knowledge or information sufficient to admit or deny the allegations of this paragraph about "casual users" and on that basis denies them.

- Suno admits that the quoted language appears in Brian Hiatt, *AI-Music Arms Race: Meet Udio, the Other ChatGPT for Music*, Rolling Stone (Apr. 10, 2024). To the extent the allegations in this paragraph purport to reference portions of a publicly available article, the full article speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations.
- Suno admits that the quoted language appears in Sharon Goldman, *AI Music May be Having a Moment, But Human Songwriters Would Like a Word*, Fortune (May 17, 2024). To the extent the allegations in this paragraph purport to reference portions of a publicly available article, the full article speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations.

- Suno admits that the quoted language appears in Mike Wheatley, *Generative AI Music Maker Startup Suno Raises $125M in Funding*, SiliconAngle (May 21, 2024). To the extent the allegations in this paragraph purport to reference portions of a publicly available article, the full article speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations.
- Suno admits that the quoted language appears in Daniel Tencer, *Suno Could Get Sued By The Record Business. Who's Backing it With $125M?*, Music Business Worldwide (May 28, 2024). To the extent the allegations in this paragraph purport to reference portions of a publicly available article, the full article speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations.

59. Suno admits that the selectively quoted language appears in pre-litigation correspondence between Suno and Plaintiffs, the full text of which speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the full text, Suno denies those allegations.

60. Suno admits the quoted language appears in Suno's Answer in the Original Action. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the full text, Suno denies those allegations.

61. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the full text of Suno's original Answer in the Original Action, Suno denies those allegations. Suno admits that Original Plaintiffs analyzed Suno's training data during discovery and that this analysis purported to identify millions of copyrighted works Plaintiffs claim

to own or control in Suno's training dataset. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, including with respect to Plaintiffs' copyright ownership, and on that basis denies them.

62. Suno admits that it has not deleted all of the sound recordings it has used to train its AI models, consistent with Plaintiffs' demand in correspondence prior to the Original Action that Suno retain "data sets used to train" Suno's AI models. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them. Suno denies any remaining allegations of this paragraph.

63. Suno admits that it has not deleted all of the sound recordings it has used to train its AI models, consistent with Plaintiffs' demand in correspondence prior to the Original Action that Suno retain "data sets used to train" Suno's AI models. Suno further states that its v6 model "was trained on content licensed from our partners, interactions including creations and preference signals from our community, and the accumulated learnings from our team." Suno admits that it maintains certain data concerning user-generated outputs and their preference signals. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them. Suno denies any remaining allegations of this paragraph.

64. Suno admits it obtained audio data from YouTube for use as training data. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the

extent a response is required, Suno denies the allegations. Suno denies the remaining allegations of this paragraph.

65. Suno lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

66. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno denies the allegations. Suno lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and on that basis denies them.

67. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno denies the allegations. Suno lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and on that basis denies them.

68. Suno admits that audio data was obtained from YouTube for use as training data using YT-DLP. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno denies the allegations. Suno lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and on that basis denies them.

69. Suno admits that the quoted language appears in Jason Koebler, *Hack Reveals Suno AI Music Generator Scraped YouTube, Deezer, and Genius*, 404 Media (July 15, 2026). To the extent the allegations in this paragraph purport to reference portions of a publicly available article, the full article speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations. Suno denies the remaining allegations of this paragraph.

70. Suno admits it obtained audio data from YouTube for use as training data. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno denies the allegations. Suno lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and on that basis denies them.

71. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno denies the allegations.

72. Suno admits that the parties engaged in correspondence prior to Original Plaintiffs filing the Original Action. The full text of that correspondence speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the full text of that correspondence, Suno denies those allegations. Suno lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and on that basis denies them.

73. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Plaintiffs' "test" and "painstaking trial and error" and on that basis denies them.

74. Suno admits that the parties engaged in discovery in the Original Action that involved Original Plaintiffs' inspection of Suno's source code and training data. Suno further admits that Original Plaintiffs employed Audible Magic as part of their inspection. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with those events, Suno denies those allegations. To the extent the allegations in this paragraph purport to summarize or characterize public filings in the Original Action or are inconsistent with those public filings, Suno denies them. Suno lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph regarding Plaintiffs' "systematic process" of employing Audible Magic or ownership of any copyrighted works and on that basis denies them.

75. Suno admits that it announced a partnership with Audible Magic on October 18, 2024. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno denies the allegations. Suno lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and on that basis denies them.

76. Suno admits that Audible Magic is used to identify audio files and does so using a database of "audio fingerprints." Suno otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and on that basis denies them.

77. Suno admits that Original Plaintiffs used Audible Magic to analyze Suno's training data and that this analysis purported to identify millions of copyrighted works Plaintiffs claim to own or control in Suno's training dataset, including the Copyrighted Recordings. Suno lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph regarding Original Plaintiffs' "process" or Plaintiffs' ownership or control of any particular sound recordings and on that basis denies them.

78. Suno admits that Original Plaintiffs disclosed the subset of works for which they assert claims in this action in the Original Action. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies them. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the allegations of this paragraph.

79. Suno admits that it has asserted a fair use defense in pleadings and correspondence in the Original Action, the full text of which speak for themselves. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the full text of those documents, Suno denies those allegations.

80. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the allegations of this paragraph.

81. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the allegations of this paragraph.

82. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the allegations of this paragraph.

83. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the allegations of this paragraph.

84. Suno admits that the quoted language appears in Suno Blog, *Introducing v3* (Mar. 21, 2024), the full text of which speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations. Suno further admits that the quoted language appears in an October 1, 2023 post from the @keenan Discord account. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations. Suno admits that constructing its generative AI service required showing the program tens of millions of instances of different kinds of recordings sources in order to derive statistical insights about them. Suno lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

85. Suno denies that its goal is or was to leverage the Copyrighted Sound Recordings to replicate existing songs. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the allegations of this paragraph.

86. Suno admits that users can enter prompts into Suno's service with a description of the music they want to generate, which can include identifying artists (which is converted into a related style), genres, lyrics, story directions, and themes to serve as inspiration. Suno further admits that it previously prevented users from submitting prompts containing artist names, and that as of January 2026, users may include artist names in their prompts, though Suno denies that those prompts are used to generate outputs without first converting the artist name to a style description. As Suno has publicly explained, "when a prompt references a specific artist, [Suno] remove[s] the artist's name and redirect[s] the request toward descriptive musical characteristics," and Suno "made an intentional choice not to teach models artist names because [its] goal is to help people create brand new songs, not music that sounds like existing artists." Suno denies that it "abandoned" its model design to "generate completely new outputs." Suno denies that its previous approach to artist name prompts was a "fig leaf" or that it did not reflect the purpose of Suno's service. Suno further admits that the quoted language appears in Kristin Robinson, *AI Firms Udio and Suno React to Major Labels' Lawsuit: 'We Stand Behind Our Technology'*, Billboard (June 25, 2024). To the extent the allegations in this paragraph purport to reference portions of a publicly available article, the full article speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations. Suno further admits that the quoted language appears in Suno Blog, *How We're Building the Future of Music Responsibly*, Suno (Aug. 6, 2026), the full text of which speaks

for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations. Suno denies the remaining allegations of this paragraph.

87. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the allegations of this paragraph.

88. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the allegations of this paragraph.

89. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the allegations of this paragraph. Suno denies the remaining allegations of this paragraph.

90. Suno admits that it entered a partnership with Warner Music Group related to a variety of products, including but not limited to Suno's development of models using sound recordings licensed from Warner Music Group. Suno further admits that the quoted language appears in Kristin Robinson, *Is Suno the Music Industry's Biggest Nightmare – Or Greatest Hope?*, Billboard (Mar. 11, 2026). To the extent the allegations in this paragraph purport to reference portions of a publicly available article, the full article speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations. The remaining allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the allegations of this paragraph.

91. Suno admits that it entered a partnership with BMG related to a variety of products, including but not limited to Suno's development of models using sound recordings licensed from BMG. Suno admits that the quoted language appears in Suno Blog, *Announcing a Landmark*

*Global Partnership with BMG*, Suno (Aug. 12, 2026) and BMG, *BMG and Suno Announce Global Strategic Alliance Advancing AI Music Opportunities And Revenue Streams* (Aug. 12, 2026). To the extent the allegations in this paragraph purport to reference portions of publicly available webpages, the text speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations. The remaining allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the allegations of this paragraph.

92. Suno admits that it entered a partnership with Believe related to a variety of products, including but not limited to Suno's development of models using sound recordings licensed from Believe. The remaining allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the allegations of this paragraph.

93. The allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the allegations of this paragraph.

94. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies them. The allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the allegations of this paragraph.

95. Suno lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis denies them. The allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the allegations of this paragraph.

96. Suno admits that the quoted language appears in Stuart Dredge, *Suno Boss Targets 'Bigger, Brighter Future' With Music Industry*, Music Ally (Jan. 14, 2025). To the extent the allegations in this paragraph purport to reference portions of a publicly available article, the full article speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations. Suno further admits that the quoted language appears in Brian Hiatt, *A ChatGPT for Music is Here. Inside Suno, the Startup Changing Everything*, Rolling Stone (Mar. 17, 2024). To the extent the allegations in this paragraph purport to reference portions of a publicly available article, the full article speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the allegations of this paragraph. Suno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, including with respect to Plaintiffs' copyright ownership, and on that basis denies them. Suno denies the remaining allegations of this paragraph.

97. Suno admits that the quoted language appears in Kristin Robinson, *Suno Launches First AI Music Models "In Partnership With the Music Industry,"* Billboard Pro (Sept. 9, 2026). To the extent the allegations in this paragraph purport to reference portions of a publicly available article, the full article speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the allegations of this paragraph. Suno denies the remaining allegations of this paragraph.

98. Suno admits that the quoted language appeared in Suno's Terms of Service operative in January 2024. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations. Suno further admits that similar language appears in Suno's current Terms of Service, operative as of September 3, 2026. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the allegations of this paragraph. Suno denies the remaining allegations of this paragraph.

99. Suno admits that it previously prevented users from submitting prompts containing artist names, and that as of January 2026, users may include artist names in their prompts, though Suno denies that those prompts are used to generate outputs without first converting the artist name to a style description. As Suno has publicly explained, "when a prompt references a specific artist, [Suno] remove[s] the artist's name and redirect[s] the request toward descriptive musical characteristics," and Suno "made an intentional choice not to teach models artist names because [its] goal is to help people create brand new songs, not music that sounds like existing artists." Suno denies that it "abandoned" its model design to generate completely new outputs. Suno denies that it intends to provide "machine-generated imitations" of "popular sound recordings." Suno lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and on that basis denies them. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies the allegations of this paragraph.

100. Suno admits that, per its Terms of Service, Suno assigns to users "all of its right, title and interest in and to any Output owned by Suno and generated from Submissions made by users through the Service during the term of [their] paid-tier subscription." Suno further admits that the article Kristin Robinson, *Suno Creates an Entire Spotify Catalog's Worth of Music Every Two Weeks, Says Investor Pitch Deck for $250M Fundraise*, Billboard (Nov. 24, 2025) refers to the band Velvet Sundown, as purportedly discussed in Suno investor presentation materials. Suno further admits that the same article refers to an estimation of Suno outputs, as discussed in Suno investor presentation materials. To the extent the allegations in this paragraph purport to reference portions of a publicly available article, the full article speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the full text of the article, Suno denies those allegations. Suno further admits that Tara Bellucci, *The Velvet Sundown: The AI Band Controversy Explained*, Berklee (July 22, 2025) refers to Velvet Sundown's purported monthly Spotify listeners as of July 22, 2025. To the extent the allegations in this paragraph purport to reference portions of a publicly available article, the full article speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the full text of the article, Suno denies those allegations. Suno lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis denies them. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno denies the allegations of this paragraph. Suno denies any remaining allegations of this paragraph.

101. Suno admits that Jesper Wendel, Deezer: *AI Music Has Surpassed 50% of New Music Uploads for the First Time*, Deezer (July 21, 2026) refers to the purported percentage of AI-generated tracks uploaded to Deezer. To the extent the allegations in this paragraph purport to

reference portions of a publicly available article, the full article speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the full text, Suno denies those allegations. Suno lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and on that basis denies them. Suno denies any remaining allegations of this paragraph.

102. Suno denies that its service was designed to devalue art or artistic skill. Suno admits that the selectively quoted language appears in the 20VC Podcast with Harry Stebbings, *Mikey Shulman, CEO @Suno: The Future of Music, What is Gonna Happen?* (Jan. 10, 2025). To the extent the allegations in this paragraph purport to reference portions of that podcast, the full podcast speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with it, Suno denies those allegations. Suno lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and on that basis denies them. Suno denies any remaining allegations of this paragraph.

103. Suno admits that the quoted language appears in Artist Rights Alliance, *200+ Artists Urge Tech Platforms: Stop Devaluing Music*, Medium (Apr. 1, 2024). To the extent the allegations in this paragraph purport to reference portions of a publicly available article, the full article speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Suno denies those allegations. The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies these allegations.

104. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies these allegations.

105. Suno admits that the quoted language appears in the 20VC Podcast with Harry Stebbings, *Mikey Shulman, CEO @Suno: The Future of Music, What is Gonna Happen?* (Jan. 10, 2025). To the extent the allegations in this paragraph purport to reference portions of that podcast, the full podcast speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the podcast, Suno denies those allegations. The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies these allegations.

106. Suno admits that there is room for AI and human creators to forge a sustainable, complementary relationship that promotes human creativity and facilitates the human creations that shape culture, excite the public, and resonate with consumers. The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies these allegations.

107. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies these allegations.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

**(Direct Copyright Infringement of Post-1972 Copyrighted Recordings)**

108. Suno incorporates by reference its responses to all allegations set forth in paragraphs 1–107 as if fully set forth herein.

109. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Suno otherwise denies the remaining allegations of this paragraph.

110. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Suno otherwise denies the remaining allegations of this paragraph.

111. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Suno otherwise denies the remaining allegations of this paragraph.

112. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Suno otherwise denies the remaining allegations of this paragraph.

113. Suno admits that it has not deleted all of the sound recordings it has used to train its AI models, consistent with Plaintiffs' demand in correspondence prior to the Original Action that Suno retain "data sets used to train" Suno's AI models. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Suno otherwise denies the remaining allegations of this paragraph.

114. The allegations in this paragraph contain legal conclusions to which no response is required.

115. The allegations in this paragraph contain legal conclusions to which no response is required.

**SECOND CAUSE OF ACTION**

(**Direct Copyright Infringement of Pre-1972 Copyrighted Recordings**)

116. Suno incorporates by reference its responses to all allegations set forth in paragraphs 1–107 as if fully set forth herein.

117. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Suno otherwise denies the remaining allegations of this paragraph.

118. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Suno otherwise denies the remaining allegations of this paragraph.

119. The allegations in this paragraph contain legal conclusions to which no response is required.

120. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound

recordings, and on that basis denies those allegations. Suno otherwise denies the remaining allegations of this paragraph.

121. Suno admits that it has not deleted all of the sound recordings it has used to train its AI models, consistent with Plaintiffs' demand in correspondence prior to the Original Action that Suno retain "data sets used to train" Suno's AI models. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Suno otherwise denies the remaining allegations of this paragraph.

122. The allegations in this paragraph contain legal conclusions to which no response is required.

123. The allegations in this paragraph contain legal conclusions to which no response is required.

## **THIRD CAUSE OF ACTION**

**(Circumvention of Technological Measures)**

124. Suno incorporates by reference its responses to all allegations set forth in paragraphs 1–107 as if fully set forth herein.

125. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Suno otherwise denies the remaining allegations of this paragraph.

126. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to

admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Suno otherwise denies the remaining allegations of this paragraph.

127. Suno admits it obtained audio data from YouTube to use as training data. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Suno denies the allegations. Suno lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Suno denies any remaining allegations of this paragraph.

128. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Suno otherwise denies the remaining allegations of this paragraph.

129. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies those allegations.

130. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Suno denies those allegations.

## PRAYER FOR RELIEF

In response to the Prayer for Relief, Suno denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

A. In response to the Prayer for Relief, Suno denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

B. In response to the Prayer for Relief, Suno denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

C. In response to the Prayer for Relief, Suno denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

D. In response to the Prayer for Relief, Suno denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

E. In response to the Prayer for Relief, Suno denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

F. In response to the Prayer for Relief, Suno denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

G. In response to the Prayer for Relief, Suno denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## JURY DEMAND

With respect to the jury demand contained in Plaintiffs' Complaint, Suno states that no response is required. To the extent a response is deemed required, Suno denies that all of Plaintiffs' claims are properly triable to a jury.

## AFFIRMATIVE DEFENSES

In further answer to the allegations made by Plaintiffs in the Complaint, Suno asserts the following affirmative defenses, incorporating by reference all of the preceding material, including without limitation the Preliminary Statement above. Suno does not concede that it has the burden of proof on the defenses listed below.

### FIRST AFFIRMATIVE DEFENSE

To the extent there is copying of copyrightable expression, that copying constitutes fair use pursuant to 17 U.S.C. § 107. Suno's AI service uses a back-end technological process, invisible

to the public, in the service of creating an ultimately non-infringing new product. This is quintessential fair use.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of copyright misuse and unclean hands. The defense of copyright misuse applies when a defendant can prove one of the following: (1) a violation of the antitrust laws; (2) that the copyright owner otherwise illegally extended its monopoly; or (3) that the copyright owner violated the public policies underlying the copyright laws. The effect of a finding of copyright misuse is to preclude enforcement of the copyright or copyrights at issue during the period of misuse, and the defense is available even if the defendant has not itself been injured by the misuse. On information and belief, Plaintiffs have engaged in anticompetitive activities that extend an unlawful monopoly over the production and commercialization of music, which by itself and/or in connection with other conduct satisfies each of the three alternative prongs above.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by one or more other equitable doctrines, such as waiver, estoppel, and laches.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims fail in whole or in part because the complained-of use was validly licensed by express or implied license.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs do not own or hold exclusive rights under 17 U.S.C. § 106 or any copyright law over each work that was allegedly infringed by Suno, including without limitation because some or all of the materials over which Plaintiffs claim copyright are in the public domain.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent there is copying of copyrightable expression, that copying is de minimis.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs establish any act of infringement, that infringement was innocent, allowing for the Court to reduce any award of statutory damages to an amount as low as $200 per work infringed. 17 U.S.C. § 504(c)(2).

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' remedies are barred at least in part by the applicable statutes of limitations.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no provable injury as a result of Suno's alleged copying.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for injunctive relief are barred, in whole or in part, because Plaintiffs have failed to state facts sufficient to support a claim for injunctive relief, and there is an adequate remedy at law.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the copyright registrations purporting to cover some or all of the works in dispute are invalid and do not satisfy the requirements of 17 U.S.C. §§ 411–412.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims under 17 U.S.C. § 1201 are barred, in whole or in part, because one or more Plaintiffs lack standing under Article III of the United States Constitution.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims under 17 U.S.C. § 1201 are barred, in whole or in part, because Plaintiffs are not "person[s] injured" within the meaning of 17 U.S.C. § 1203(a) and therefore lack standing to maintain a civil action for any alleged violation under § 1201.

**ADDITIONAL AFFIRMATIVE DEFENSES**

Suno has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on other applicable defenses as may become available or apparent during discovery in this matter. Suno reserves the right to amend this Answer and/or its affirmative defenses.

**REQUEST FOR RELIEF**

WHEREFORE, Suno respectfully requests that this Court:

1. Enter judgment in Suno's favor and against Plaintiffs;
2. Dismiss all claims by Plaintiffs with prejudice;
3. Award Suno its attorneys' fees and costs to the extent permitted by law; and
4. Grant Suno such other and further relief as this Court deems just and proper.

Dated: October 20, 2026

Respectfully submitted,



Andrew M. Gass (*pro hac vice pending*)
Brittany N. Lovejoy (*pro hac vice pending*)
Joseph Wetzel (*pro hac vice pending*)
Ivana Dukanovic (*pro hac vice pending*)
**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
andrew.gass@lw.com
brittany.lovejoy@lw.com
joe.wetzel@lw.com
ivana.dukanovic@lw.com

Grace McLaughlin (*pro hac vice pending*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
grace.mclaughlin@lw.com

Shlomo Fellig (BBO #699643)
**LATHAM & WATKINS LLP**
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
shlomo.fellig@lw.com

*Counsel for Defendant Suno, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent October 20, 2026 to those identified as non-registered participants.

*/s/ Shlomo Fellig*
Shlomo Fellig