# EXHIBIT C

**From:** Ivana.Dukanovic@lw.com
**To:** Mariah Rivera; Andrew.Gass@lw.com; Britt.Lovejoy@lw.com; Jessie.Cammack@lw.com; Grace.McLaughlin@lw.com; Joe.Wetzel@lw.com; Nathan.Taylor@lw.com; Paris.Sanders@lw.com; Sy.Damle@lw.com; Shlomo.Fellig@lw.com; Steve.Feldman@lw.com; Alexis.Godfrey@lw.com; Robin.Gushman@lw.com; SUNOUMGLITIGATION.LWTEAM@lw.com
**Cc:** Moez M. Kaba; Christina V. Rayburn; Rajan Trehan; Alexander Perry
**Subject:** RE: UMG Recordings, Inc. et al. v. Suno, Inc., Case No. 1:24-cv-11611-FDS (D. Mass.) | First Amended Complaint
**Date:** Friday, October 23, 2026 2:19:04 PM

---

Mariah,

In the interest of resolving this dispute without burdening the Court, Suno is willing to consider additional time for Mr. Kucsko. Specifically, Suno is open to discussing a two-day deposition for Mr. Kucsko with time beyond the nine-hour limit, provided the parties first negotiate and agree on a schedule of topics to be covered on each day. We make this offer in the spirit of compromise. It is not a concession that Plaintiffs have shown good cause under Paragraph 4 of the Deposition Protocol, and they have not.

Beyond that, Plaintiffs' October 15 email gives us no reason to revisit our positions. Messrs. Shulman, Kucsko, and Tao have been known as central witnesses since this case began. Two are co-founders, and Mr. Shulman is Suno's CEO. Their company importance is not a new development. In any event, their company importance alone does not justify depositions that materially exceed what is allowed by the federal rules and Plaintiffs still have not explained why nine hours is insufficient for any of them.

Plaintiffs also mischaracterize our August 21 statement that the Shulman and Tao depositions "will need to be rescheduled, as their existing 30(b)(6) designated topics already encompass the § 1201 allegations." That statement reflected only that Plaintiffs are likely to examine these witnesses on documents produced in § 1201 discovery, and that Suno will not make its witnesses available twice. That is precisely why we said the existing topics "already encompass" the § 1201 allegations. No new topics have been added, and the substance of the existing 30(b)(6) topics has not changed. All that remains outstanding is additional document discovery subject to Plaintiffs' § 1201 claim.

**Mr. Shulman.** Suno will not agree to additional time for Mr. Shulman's deposition. Of the "central issues" Plaintiffs identify for Mr. Shulman, only "training-data sourcing and selection" relates to the § 1201 claim, and Plaintiffs' own citations show that Mr. Kucsko has knowledge of that same subject. [redacted] Mr. Shulman is Suno's CEO. In evaluating depositions of senior executives, courts weigh "the potential abuse or harassment that a deposition notice directed at an official at the highest level of corporate governance may entail" and consider "whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case." *Brown v. Saint-Gobain Performance Plastics Corp.*, No. 16-CV-242-JL, 2022 WL 122609, at *2 (D.N.H. Jan. 7, 2022) (citations omitted). Whatever Mr. Shulman knows about training-data sourcing and selection is duplicative of Mr. Kucsko's knowledge and is available through written discovery, documents, and other Suno witnesses. There is no basis to extend the CEO's deposition beyond nine hours, and Suno will oppose any request to do so.

**Mr. Tao.** Plaintiffs likewise have not shown good cause for additional time with Mr. Tao. His 30(b)

(6) topics focus primarily on Suno's collection and use of pre-training data and metadata. Even before the amended complaint, those topics encompassed any information regarding Suno's alleged scraping and pre-training data collection. Suno will revisit whether any additional time is warranted only after § 1201 discovery has run its course.

Please also note that Mr. Tao is no longer employed by Suno. Suno will nonetheless continue to designate him as its Rule 30(b)(6) witness on his previously designated topics, and he will be treated as a party witness for purposes of the Deposition Protocol's time limits. His combined 30(b)(1) and 30(b)(6) deposition therefore remains subject to the nine-hour limit. Suno will coordinate Mr. Tao's availability through counsel and will provide proposed dates for his deposition on the same timeline as the other depositions.

Finally, as we have already explained, these depositions are likely to involve documents produced under the § 1201 discovery schedule. The timing of that production depends on Plaintiffs' positions on § 1201 discovery, which remain unresolved. Suno will provide realistic dates for all three depositions once there is clarity on when document production will be complete. Setting dates before then would only invite the kind of rescheduling both sides should want to avoid.

Best,
Ivana

**Ivana Dukanovic**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8871

---

**From:** Mariah Rivera <mrivera@hueston.com>
**Sent:** Thursday, October 22, 2026 10:07 AM
**To:** Dukanovic, Ivana (Bay Area) <Ivana.Dukanovic@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Lovejoy, Britt (Bay Area) <Britt.Lovejoy@lw.com>; ~Cammack, Jessie (NY) <Jessie.Cammack@lw.com>; McLaughlin, Grace (NY) <Grace.McLaughlin@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>; Taylor, Nathan (NY) <Nathan.Taylor@lw.com>; Sanders, Paris (NY) <Paris.Sanders@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Fellig, Shlomo (BN) <Shlomo.Fellig@lw.com>; Feldman, Steve (NY) <Steve.Feldman@lw.com>; Kellert Godfrey, Alexis (NY) <Alexis.Godfrey@lw.com>; Gushman, Robin (Bay Area) <Robin.Gushman@lw.com>; #C-M SUNO UMG LITIGATION - LW TEAM <SUNOUMGLITIGATION.LWTEAM@lw.com>
**Cc:** Moez M. Kaba <mkaba@hueston.com>; Christina V. Rayburn <crayburn@hueston.com>; Rajan Trehan <rtrehan@hueston.com>; Alexander Perry <aperry@hueston.com>
**Subject:** RE: UMG Recordings, Inc. et al. v. Suno, Inc., Case No. 1:24-cv-11611-FDS (D. Mass.) | First Amended Complaint

Ivana,