**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, SONY MUSIC ENTERTAINMENT, ALAMO RECORDS, LLC, ARISTA MUSIC, ARISTA RECORDS, LLC, LAFACE RECORDS, LLC, RECORDS LABEL, LLC, SONY MUSIC ENTERTAINMENT US LATIN, LLC, ULTRA RECORDS, LLC, VOLCANO ENTERTAINMENT III, LLC, and ZOMBA RECORDING LLC,

Plaintiffs,

v.

SUNO, INC. and JOHN DOES 1-10,

Defendants.

Civil Action No. 1:26-cv-14275-FDS

**DEFENDANT SUNO, INC.'S MOTION FOR LEAVE TO FILE REPLY**
**IN SUPPORT OF MOTION TO STAY**

Pursuant to Local Rule 7.1(b)(3), Defendant Suno, Inc. ("Suno") hereby moves for leave to file a reply brief of no more than twelve pages in support of its Motion to Stay, *see* Dkt. 30, along with a supporting declaration and exhibits. The versions of the proposed reply brief and declaration that Suno would file on the public docket are attached as Exhibits A and B, respectively. Good cause to file these materials exists because Plaintiffs' brief opposing Suno's motion introduces an entirely new proposal for a partial stay, which Plaintiffs did not disclose to Suno prior to Suno filing its Motion and which Suno was therefore unable to address. *See* Dkt. 37. Suno's reply brief will respond to Plaintiffs' alternative proposal and will materially assist the Court in resolving the Motion to Stay.

As grounds for this motion, Suno states as follows:

1. On September 18, 2026, Plaintiffs initiated this action ("*UMG II*"), asserting over 60,000 works that Suno allegedly infringed. *See* Dkt. 1.
2. *UMG II* follows *UMG Recordings, Inc. v. Suno, Inc.*, No. 24-cv-11611 (D. Mass.) ("*UMG I*"), which was filed by a number of the *UMG II* Plaintiffs on June 24, 2024. *See UMG I*, Dkt. 1 (D. Mass. June 24, 2024).
3. In May 2026, the *UMG I* Plaintiffs moved to amend their Complaint to assert the works currently at issue in *UMG II*. *UMG I*, Dkt. 231 (D. Mass. May 21, 2026). The Court denied their motion, recognizing that the plaintiffs could file a separate suit asserting these works. *UMG I*, Dkt. 272 at 3-4 (D. Mass. Aug. 18, 2026).
4. One month later, Plaintiffs filed the instant suit. *See* Dkt. 1. Suno answered the Complaint on October 20, 2026. *See* Dkt. 11.
5. Because the parties, claims, defenses, factual allegations, and legal issues in *UMG I* and *UMG II* are substantially overlapping, and in some cases identical, Suno sought a stay of *UMG II* pending resolution of *UMG I*.
6. Suno sought Plaintiffs' position on Suno's intended motion to stay on October 2, 2026. *See* Dkt. 32-1. On October 13, Plaintiffs responded that they do not consent to a stay and intended "to oppose any such application from Suno." *Id.* Plaintiffs represented that they were "willing to discuss reasonable ways to coordinate the two actions so that work is not duplicated where the issues overlap" but did not provide a proposal. *Id.* They did not state that they would be amenable to or intended to counter Suno's proposal with a request for a partial stay of *UMG II*.
7. On October 30, Suno moved to stay *UMG II* pending resolution of summary judgment in

*UMG I*. *See* Dkts. 30, 31. Suno argued that, because of the overlap between the two cases, the outcome of *UMG I* would have significant impact on *UMG II*, potentially resolving some of Plaintiffs' claims and, at minimum, clarifying and narrowing the relevant scope of discovery. *See* Dkt. 31 at 1. Suno would be prejudiced and the Court burdened by engaging in discovery in *UMG II* without the guidance of *UMG I*. *Id.* at 6-8. Plaintiffs would not be prejudiced by a temporary stay, as they would be able to pursue any relevant discovery after the stay lifts. *Id.* at 5-6.

8. Plaintiffs filed their opposition brief on November 13. Dkt. 37. In it, they proposed for the first time an alternative partial stay with "three components":

> First, discovery to confirm Plaintiffs' ownership and chain of title in the 60,000 newly asserted works would be deferred pending the Court's summary judgment ruling on fair use in Suno I. Second, tailored discovery would proceed on four subjects the Suno I record does not reach: (a) Suno's successor models, including v6, and how they are trained and used; (b) Suno's efforts to license training data; (c) Suno's commercial expansion and business development, including as to new business segments and markets and its subsequent funding rounds; and (d) its recent financial performance. Plaintiffs would in turn provide reciprocal discovery on the market for or value of licensing sound recordings as AI training data and on the effect of AI-generated music on the market for their recordings. Third, all discovery taken in Suno I would be usable in this action, eliminating the duplication Suno claims to fear.

*Id.* at 3.

9. This proposal, which Suno was not on notice of until Plaintiffs filed their opposition brief, would impose significant hardship on Suno and is based on unsupported claims about the supposed prejudice of the temporary stay Suno seeks. Specifically, it would have Suno engage in sweeping discovery that may be entirely irrelevant or unduly burdensome depending on how the Court rules on fair use in *UMG I*. This would burden both Suno and the Court, without any good reason. Plaintiffs will not be prejudiced by waiting to obtain

any relevant discovery until after summary judgment is decided in *UMG I*: the *UMG I* record already includes contemporaneous discovery on many of the categories Plaintiffs identify, and to the extent it does not Suno is preserving the record of its conduct at issue. When discovery picks back up in *UMG II*, Plaintiffs will have access to that record, with the benefit of the Court's guidance on what aspects are relevant and proportional to the core legal issues. Plaintiffs' proposal is also remarkably self-serving, allowing them to shirk their core discovery obligations while Suno engages in discovery that may be rendered moot.

10. Suno should be permitted to address these issues, which will assist the Court's assessment of Plaintiffs' new proposal. Suno's proposed reply brief serves that purpose.

11. Plaintiffs' opposition also includes an alternative proposal, which Plaintiffs similarly did not disclose to Suno before filing. *See id.* at 16. Suno does not object to aspects of this proposal, subject to negotiation of its exact scope. Suno's reply brief would similarly allow Suno to state its position on Plaintiffs' alternative form of relief, for the Court's consideration.

12. Counsel for Suno informed Plaintiffs of its intention to file a motion for leave to file a reply brief on November 16, 2026. Plaintiffs responded: "Plaintiffs do not oppose Suno filing a reply of no more than twelve pages limited to matters responsive to Plaintiffs' opposition. Plaintiffs oppose the motion to the extent the reply raises new arguments or submits new evidence, including the deposition transcripts and document Suno first identified to Plaintiffs on November 19 and 20, 2026. Should the Court permit such a reply, Plaintiffs request leave to file a sur-reply."

WHEREFORE, Suno respectfully requests that the Court grant it leave to file the attached reply and accompanying declaration and exhibits in support of its Motion to Stay.

Dated: November 20, 2026

Respectfully submitted,

*/s/ Brittany N. Lovejoy*
Andrew M. Gass (*pro hac vice*)
Joseph R. Wetzel (*pro hac vice*)
Brittany N. Lovejoy (*pro hac vice*)
Ivana Dukanovic (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
andrew.gass@lw.com
joe.wetzel@lw.com
brittany.lovejoy@lw.com
ivana.dukanovic@lw.com

Shlomo Fellig (BBO# 699643)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
shlomo.fellig@lw.com

Grace McLaughlin (*pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-2967
grace.mclaughlin@lw.com

*Counsel for Defendant Suno, Inc.*

**LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), I hereby certify that that counsel for Suno, Inc. has conferred with counsel for Plaintiffs in a good faith effort to resolve or narrow the issue raised in the instant motion. Plaintiffs have stated: "Plaintiffs do not oppose Suno filing a reply of no more than twelve pages limited to matters responsive to Plaintiffs' opposition. Plaintiffs oppose the motion to the extent the reply raises new arguments or submits new evidence, including the deposition transcripts and document Suno first identified to Plaintiffs on November 19 and 20, 2026. Should the Court permit such a reply, Plaintiffs request leave to file a sur-reply."

*/s/ Brittany N. Lovejoy*
Brittany N. Lovejoy

**CERTIFICATE OF SERVICE**

I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent November 20, 2026 to those identified as non-registered participants.

*/s/ Brittany N. Lovejoy*
Brittany N. Lovejoy