**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, SONY MUSIC ENTERTAINMENT, ALAMO RECORDS, LLC, ARISTA MUSIC, ARISTA RECORDS, LLC, LAFACE RECORDS, LLC, RECORDS LABEL, LLC, SONY MUSIC ENTERTAINMENT US LATIN, LLC, ULTRA RECORDS, LLC, VOLCANO ENTERTAINMENT III, LLC, and ZOMBA RECORDING LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SUNO, INC. and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No. 1:26-cv-14275-FDS |

**<u>DEFENDANT SUNO, INC.'S MOTION FOR IMPOUNDMENT</u>**

Pursuant to Local Rule 7.2, Defendant Suno, Inc. ("Suno"), by and through its undersigned counsel, hereby respectfully moves to impound designated portions of its Reply Memorandum of Law in Support of Motion to Stay ("Reply") and Exhibit C to the Declaration of Brittany N. Lovejoy in Support thereof. Suno further moves to impound Exhibits A, D, and F to the same Declaration in their entirety. In further support of this motion, Suno submits the Declaration of Ivana Dukanovic ("Dukanovic Decl.").

Both the Reply and Exhibit A refer to or contain certain information Suno obtained from Plaintiffs in *UMG Recordings, Inc. v. Suno, Inc.*, No. 24-cv-11611 (D. Mass.) ("*UMG I*") that Plaintiffs have requested Suno provisionally impound. Suno has done so as a courtesy but takes

no position on whether that material warrants impoundment and reserves all rights to oppose any impoundment motion Plaintiffs file.[1]

Exhibits C, D, and F are excerpts of *UMG I* deposition testimony that contain confidential information designated either "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the *UMG I* Protective Order because they reveal Suno's model and product development, competitive analysis, and ongoing deal terms and negotiations. *See* Dukanovic Decl. ¶ 3; *see also UMG I*, Dkt. 180 (D. Mass. Dec. 24, 2025). Suno moves to impound only narrow portions of the September 29, 2026 deposition testimony of Jack Brody (Exhibit C), the excerpted August 10, 2026 deposition testimony of Jeremy Paul Sirota (Exhibit D), and the excerpted September 3, 2026 deposition testimony of Antonio Rodriguez (Exhibit F). Dukanovic Decl. ¶¶ 4-7. Plaintiffs have indicated that they oppose Suno's motion with respect to these materials.

## I. No Right of Public Access Attaches to Discovery Materials Submitted in Support of a Non-Dispositive Motion to Stay

As the First Circuit has explained, no right of public access attaches to discovery materials until they are filed on the docket in support of motion practice. *United States v. Kravetz*, 706 F.3d 47, 55 (1st Cir. 2013) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)). Even after discovery materials are filed with the court, the right of public access attaches only when the materials are "judicial records" "on which a court relies in determining the litigants' substantive rights." *Id.* at 54.

Here, Exhibits C, D, and F are excerpts of confidential deposition testimony submitted in support of a motion to stay, which asks only whether and when discovery should proceed—not for

[1] To the extent Suno does not oppose an impoundment motion filed by Plaintiffs, Suno expressly reserves the right to do so in the future should Plaintiffs seek to impound the same or similar material in this litigation or *UMG I*.

a determination of the litigants' substantive rights. Courts in this Circuit consistently hold that the right of public access does not extend to materials filed in connection with such non-dispositive, discovery-related matters because they do not determine the litigants' substantive rights. *See, e.g.*, *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986) ("[A] request to compel or protect the disclosure of information in the discovery process is not a request for a disposition of substantive rights."); *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 446 (D. Mass. 2015) (noting that any presumption of public access can be overcome "if the filing is not related to issues where there is no tradition of public access, like motions about discovery matters"); *Warren v. Rojas*, 2016 WL 1642584, at *1 (D. Mass. Apr. 25, 2016) (applying good cause standard to sealing application submitted in connection with discovery motion). A motion to stay is no different: it bears on the timing and scope of discovery in this case, not on the merits of the parties' claims or defenses. Courts have accordingly applied the good cause standard to sealing requests made in connection with motions to stay. *See, e.g.*, *Sanguinetti v. Nev. Rest. Servs., Inc.*, 2023 WL 4868363, at *2 (D. Nev. July 28, 2023) (applying good cause standard to motion to seal filed in connection with motion to stay discovery because the motion was non-dispositive). The designated portions of Exhibit C and Exhibits D and F should therefore remain sealed so long as good cause exists.

## II. Suno Has Demonstrated Good Cause, as Any Public Right of Access is Outweighed by the Risk of Harm to Suno

Pursuant to Federal Rule of Civil Procedure 26(c), a party may file a document under seal when "good cause" exists to keep the information confidential. Fed. R. Civ. P. 26(c). In considering a request to keep confidential materials under seal, the Court must weigh "the interest in public access to the entire complaint against the asserted privacy interests in disclosing nonpublic, proprietary, or commercially sensitive information." *Nachbaur v. Mahoney*, 2024 WL 3471300, at *1 (D. Mass. Feb. 6, 2024). Good cause exists where the movant demonstrates "the

harm that would be sustained if the court did not allow the filing under seal." *Dunkin Donuts Franchised Rests., LLC v. Agawam Donuts, Inc.*, 2008 WL 427290, at *1 (D. Mass. Feb. 13, 2008) (internal quotations omitted). And "[s]ources of business information that might harm a litigant's competitive standing" regularly outweigh even the common law presumption of public access. *Nachbaur*, 2024 WL 3471300, at *1 (quoting *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978)).

The material Suno seeks to impound reveals highly sensitive information: how Suno develops its model and products, the status and terms of its negotiations with rightsholders, and its competitive analyses and projections. Dukanovic Decl. ¶¶ 5-7. The designated portions of Exhibit C concern the training data used for Suno's v6 model, Suno's internal decision-making regarding changes to its prompt functionality, and the markets in which Suno contemplates advertising or marketing its AI service. *Id.* ¶ 5. Exhibit D concerns the terms and status of Suno's ongoing settlement and partnership negotiations with current or potential claimants—including which counterparties received proposals and when—the terms of contemplated agreements, and product features in active development. *Id.* ¶ 6. Exhibit F concerns Suno's assessment of competitive dynamics and potential market competitors, details of Suno's v6 model, and potential unreleased product features. *Id.* ¶ 7. Because Exhibits D and F consist entirely of such material, redaction is not practicable. *Id.* ¶¶ 6-7.

Public disclosure of this information would cause Suno concrete competitive harm. *See id.* ¶ 9. Generative AI is a booming, intensely competitive field, and a rival armed with Suno's undisclosed model-development, product development, and negotiating information could replicate or anticipate Suno's approach; similarly, Suno's existing relationships and negotiations with third parties may be affected by the publication of information about Suno's business strategy.

*See id.* The material Suno seeks to impound is not public; to the contrary, because of the competitive risks and business sensitivities of disclosure, Suno has intentionally kept this information confidential. *Id.* ¶ 8. Suno disclosed this information in *UMG I* only under the Protective Order and designated the majority of the material at issue "Confidential" or "Highly Confidential – Attorneys' Eyes Only." *Id.*

Courts routinely seal comparable competitively sensitive information, the disclosure of which could "result in competitive harm to [a party] and damage its business relationships." *Jones v. PGA Tour, Inc.*, 2023 WL 2232094, at *3 (N.D. Cal. Feb. 23, 2023); *see also, e.g.*, *Bradford & Bigelow, Inc.*, 109 F. Supp. 3d at 448 ("countervailing interests" include "the existence of trade secrets in the documents or confidential business information" (quoting *Nixon*, 435 U.S. at 597 )); *Int'l Swimming League, Ltd. v. Féd'n Internationale De Natation*, 2021 WL 2075572, at *7 (N.D. Cal. May 24, 2021) (sealing confidential business documents whose disclosure would cause the defendant competitive harm); *Universal Ent. Corp. v. Aruze Gaming Am., Inc.*, 2022 WL 17668678, at *2 (D. Nev. Dec. 14, 2022) ("[P]rotecting a party's business relationships and ability to negotiate for services constitutes good cause to seal documents."); *In re Qualcomm Litig.*, 2019 WL 845659, at *2 (S.D. Cal. Feb. 21, 2019) (finding good cause to seal confidential business information, the disclosure of which would cause competitive harm). Suno's concrete interest in protecting this material far outweighs any minimal public interest in access, particularly where the Court will have the full record before it in deciding the motion to stay

* * * * *

For these reasons, Suno respectfully requests that the Court grant this motion and order that the Reply and Exhibit C to the Declaration of Brittany N. Lovejoy be partially impounded and that Exhibits A, D, and F to the same Declaration be fully impounded until further order of the Court.

Dated: November 20, 2026

Respectfully submitted,

*/s/ Ivana Dukanovic*
Andrew M. Gass (*pro hac vice*)
Joseph R. Wetzel (*pro hac vice*)
Brittany N. Lovejoy (*pro hac vice*)
Ivana Dukanovic (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
andrew.gass@lw.com
joe.wetzel@lw.com
brittany.lovejoy@lw.com
ivana.dukanovic@lw.com

Shlomo Fellig (BBO# 699643)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
shlomo.fellig@lw.com

Grace McLaughlin (*pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-2967
grace.mclaughlin@lw.com

*Counsel for Defendant Suno, Inc.*

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I hereby certify that that counsel for Suno, Inc. has conferred with counsel for Plaintiffs in a good faith effort to resolve or narrow the issue raised in the instant motion. Plaintiffs indicated that they oppose this motion.

*/s/ Ivana Dukanovic*
Ivana Dukanovic

## CERTIFICATE OF SERVICE

I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent November 20, 2026 to those identified as non-registered participants.

*/s/ Ivana Dukanovic*
Ivana Dukanovic