**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, SONY MUSIC ENTERTAINMENT, ALAMO RECORDS, LLC, ARISTA MUSIC, ARISTA RECORDS, LLC, LAFACE RECORDS, LLC, RECORDS LABEL, LLC, SONY MUSIC ENTERTAINMENT US LATIN, LLC, ULTRA RECORDS, LLC, VOLCANO ENTERTAINMENT III, LLC, and ZOMBA RECORDING LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SUNO, INC. and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No. 1:26-cv-14275-FDS |

**DECLARATION OF IVANA DUKANOVIC IN SUPPORT OF DEFENDANT SUNO, INC.'S MOTION FOR IMPOUNDMENT**

I, Ivana Dukanovic, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am an attorney at Latham & Watkins LLP and counsel of record for Defendant Suno, Inc. ("Suno") in this case and in *UMG Recordings, Inc. v. Suno, Inc.*, No. 1:24-cv-11611 (D. Mass.) ("*UMG I*"). I have personal knowledge of the matters stated in this declaration, and if called as a witness, I could and would competently testify to them. I submit this declaration in accordance with Local Rule 7.2.

2. On November 20, 2026, Suno will file its proposed Reply Memorandum of Law in Support of Motion to Stay ("Reply"). The Reply is supported by Exhibits A through F, which consist of excerpts of deposition transcripts and other discovery material from *UMG I*.

3. Exhibits C, D, and F contain excerpts of testimony by Suno witnesses or Suno board members that Suno designated under the Protective Order in *UMG I*. *UMG I*, Dkt. 180 (D. Mass. Dec. 24, 2025) ("Protective Order"). Under the Protective Order, a party may designate as Confidential information that is "competitive, proprietary, trade secret or otherwise sensitive non-public information," Protective Order ¶ 4, and may designate as Highly Confidential – Attorneys' Eyes Only "extremely sensitive" information where "necessary to protect the party or a non-party from a substantial risk of serious harm that could not be avoided by less restrictive means," *id.* ¶ 5. Deposition testimony may be so designated pursuant to Paragraph 9 of the Protective Order.

4. Suno seeks to impound certain portions of Exhibit C and to impound Exhibits D and F in their entirety.

5. Exhibit C consists of excerpts of the September 29, 2026 deposition of Jack Brody, Suno's Chief Product Officer, who testified in part as Suno's Rule 30(b)(6) designee. The transcript is designated Highly Confidential – Attorneys' Eyes Only under the Protective Order. Suno seeks to redact the portions of Exhibit C at 46:6-47:25; 241:9-245:20; 272:1-9; 274:10-275:5; and 412:25-415:17, which contain testimony regarding (a) how Suno acquired training data for its v6 model and what went into that model, which is the latest version of Suno's model; (b) Suno's internal decision-making regarding the January 2026 change to its prompt functionality; and (c) the markets in which Suno currently contemplates advertising or marketing its AI service, including whether Suno plans to advertise its service in the training data market. This information is not publicly available. Disclosure of the composition of Suno's training data, the basis for its product decisions, and its contemplated markets would give Suno's competitors insight into Suno's model-development and product strategy that they could use to replicate or anticipate Suno's approach. Suno does not seek to impound the remainder of Exhibit C.

6. Exhibit D consists of excerpts of the August 10, 2026 deposition of Jeremy Paul Sirota. All of the excerpted testimony in Exhibit D is designated Highly Confidential – Attorneys' Eyes Only under the Protective Order. That testimony describes (a) the components and status of Suno's settlement and partnership discussions with current or potential claimants against Suno, including which counterparties have received written agreements or financial proposals, which have made counterproposals, and when; (b) the terms of future and contemplated agreements to obtain sound recordings for use as training data, including agreements currently in negotiation; and (c) product features in active development pursuant to such agreements and otherwise. *See* Ex. D. Public disclosure of this information would harm Suno's negotiating position with each of the counterparties identified, could damage Suno's relationships with third parties who expect their dealings with Suno to remain confidential, and would reveal Suno's licensing strategy and product roadmap to competitors and rightsholders. Because the entirety of the excerpted testimony consists of such information, redaction is not practicable, and Suno seeks to impound Exhibit D in full.

7. Exhibit F consists of excerpts of the September 3, 2026 deposition of Antonio Rodriguez, a third-party investor and former member of Suno's Board of Directors. All of the excerpted testimony in Exhibit F is designated Highly Confidential – Attorneys' Eyes Only under the Protective Order. That testimony concerns a slide deck presented to Suno's Board of Directors for its Q2 2026 Board meeting, including the Board's assessment of competitive dynamics and potential market competitors, details of Suno's v6 model, and potential new product features. *See* Ex. F. These board-level materials reflect Suno's internal strategic and competitive assessments and unreleased product plans, which Suno does not disclose publicly. Their disclosure would provide competitors with a glimpse into Suno's strategic thinking. Because the entirety of the

excerpted testimony consists of such information, redaction is not practicable, and Suno seeks to impound Exhibit F in full.

8. I understand that the market for generative AI tools like Suno's is highly competitive and that public access to currently undisclosed information about Suno's model development, product plans, business strategy, and negotiations with other entities could provide competitors with an unearned and unfair advantage or affect Suno's existing relationships and negotiations with third parties. I further understand that Suno intentionally keeps this information confidential, in light of these concerns.

9. Suno therefore seeks to impound the portions of Exhibit C identified in paragraph 5 above and Exhibits D and F in their entirety. The Court will have full access to these materials in deciding Suno's motion to stay.

10. Counsel for Plaintiffs in this case has requested that Suno provisionally impound their confidential information, which is reflected in the Reply and Exhibit A. Suno reserves all rights to oppose any impoundment motion filed by Plaintiffs.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 20, 2026 in Hillsborough, California.

Ivana Dukanovic

## CERTIFICATE OF SERVICE

I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent November 20, 2026 to those identified as non-registered participants.

*/s/ Ivana Dukanovic*
Ivana Dukanovic